# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

In re:

Mark L. Cyr,

          Debtor

Chapter 7
Case No. 12-10876

## ORDER DENYING MOTION TO REOPEN CASE

This matter came before the Court on the debtor's motion to reopen this chapter 7 case under 11 U.S.C. § 350(b) and Fed. R. Bankr. P. 5010 [Dkt. No. 21] (the "Motion to Reopen"). The Court has considered the Motion to Reopen and the Memorandum filed therewith, the Objection to the Motion to Reopen filed by TD Bank, N.A. [Dkt. No. 25], and the Debtor's Reply Brief [Dkt. No. 31]. The Court conducted a hearing on the Motion to Reopen on January 9, 2020, during which it heard from both the debtor and TD Bank.

Although the Court is both sympathetic to the debtor's conundrum and baffled by the parties' apparent inability to come to a consensual resolution of this dispute, the debtor has presented no reason to depart from the holding of In re Lovell, No. 08-11204, 2016 WL 2865359 (Bankr. D. Me. May 11, 2016). If this case were reopened now for the purpose of allowing the debtor to seek an order avoiding TD Bank's judicial lien on income-producing property, TD Bank would be put to considerable effort and expense in connection with any attempt to establish the value of the property at issue as of the petition date, July 26, 2012. In the circumstances of this case—where the debtor knew about the lien during the case and did not file a motion to avoid the lien until nearly eight years later—the Motion to Reopen is DENIED. See In re Wilding, 475 F.3d 428, 433 (1st Cir. 2007) (indicating that the court has discretion to determine whether to reopen a case in light of equitable defenses including "laches, fraud, detrimental

reliance, and prejudice").[1]  In light of the denial of the Motion to Reopen, the debtor's Motion to Avoid Lien [Dkt. No 20] is also DENIED.

Whether the property is exempt and, if so, to what extent are questions that will have to be sorted out by some other court—likely a state court—if the debtor and TD Bank cannot reach a resolution of this dispute.

Dated: January 13, 2020

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

---

[1] The debtor did not allege any violation of the automatic stay or the discharge injunction in the Motion to Reopen, and he has not filed a motion seeking damages for any such violation.  Instead, the debtor attempts to raise these issues through his Reply Brief.  This effort is unavailing.  A request for relief is not properly raised in a reply brief.  Even if that procedural deficiency were ignored, the debtor's allegations do not amount to an actionable claim for violation of either the automatic stay or the discharge injunction.